**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4198**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD LEE MABINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (2:14-cr-00113-HCM-TEM-1)

Submitted: October 15, 2015          Decided: October 26, 2015

Before WILKINSON, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Suzanne V. Katchmar, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Sherrie S. Capotosto, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Lee Mabine was convicted, following a jury trial, of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, he argues that the district court erroneously denied his motion to suppress identification evidence, and he challenges the sufficiency of the evidence. We affirm.

Mabine first argues that the show-up identification was unduly suggestive and that the identification is not reliable. We review factual findings underlying a district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). Because the district court denied the motion to suppress, we construe the evidence "in the light most favorable to the Government, the party prevailing below." United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

"Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" United States v. Saunders, 501 F.3d 384, 389 (4th Cir. 2007) (quoting Simmons v.

2

United States, 390 U.S. 377, 384 (1968)). The defendant bears the burden of proof in challenging the admissibility of an out-of-court identification. See United States v. Johnson, 114 F.3d 435, 441 (4th Cir. 1997). "First, the defendant must show that the . . . identification procedure was impermissibly suggestive." Saunders, 501 F.3d at 389. If the procedure was improper, the court must "consider[] whether the identification was nevertheless reliable in the context of all of the circumstances." Id. at 389-90. We may uphold a district court's denial of a motion to suppress an out-of-court identification without determining whether the identification procedure was unduly suggestive if we find the identification reliable. Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994); see United States v. Greene, 704 F.3d 298, 308 (4th Cir. 2013) (listing factors courts consider in assessing reliability of out-of-court identification).

We conclude that the witness' out-of-court identification was reliable. The witness had ample opportunity to view the perpetrator during the robbery and described the high degree of attention she paid to him. Although the robbery lasted approximately two minutes, the witness, who was within only a few feet of the robber, testified that the robber's face was uncovered for the majority of that time. Further, the witness' description was fairly accurate; she accurately described his

3

skin complexion and weight, and her descriptions of the robber's age and height were not significantly different from Mabine's. Finally, the witness identified Mabine with certainty within 40 minutes of the robbery.

Mabine next challenges the sufficiency of the evidence supporting his convictions. We review de novo the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. United States v. Fuertes, __ F.3d __, __, Nos. 13-4755, 13-4931, 2015 WL 4910113, at *7 (4th Cir. Aug. 18, 2015). "A defendant challenging the sufficiency of the evidence faces a heavy burden . . . ." United States v. Said, 798 F.3d 182, 194 (4th Cir. 2015). The jury verdict must by sustained when, "view[ing] the evidence in the light most favorable to the government, there is substantial evidence in the record to support the verdict." United States v. Cornell, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted), cert. denied, __ S. Ct. __, No. 14-10267, 2015 WL 3793104 (U.S. Oct. 5, 2015). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted).

Mabine argues that, without the identification, the Government's evidence was insufficient to demonstrate that he committed the offenses. However, when reviewing for sufficiency

of the evidence, "a reviewing court must consider all of the evidence admitted by the trial court, regardless whether that evidence was admitted erroneously." McDaniel v. Brown, 558 U.S. 120, 131 (2010) (per curiam) (internal quotation marks omitted); United States v. Simpson, 910 F.2d 154, 159 (4th Cir. 1990). Considering all of the evidence admitted at trial, we conclude that the Government presented sufficient evidence to support Mabine's convictions. The witness identified Mabine—both during the show-up and in court—as the man who entered the store, pointed a firearm at her, demanded the money in her register, and took $429. Mabine, who stipulated that he was a convicted felon and that the firearm had traveled in interstate commerce, was discovered within 30 minutes of the crime in a dumpster behind the store, with discarded clothing and a firearm that matched the witness' description, as well as four $100 bills. See United States v. Reed, 780 F.3d 260, 271 (4th Cir. 2015) (stating elements of Hobbs Act robbery and § 922(g)(1) offense), cert. denied, __ S. Ct. __, No. 14-10485, 2015 WL 3946842 (U.S. Oct. 5, 2015); United States v. Strayhorn, 743 F.3d 917, 925 (4th Cir.) (stating elements of § 924(c)(1) offense), cert. denied, 134 S. Ct. 2689 (2014); see also 18 U.S.C. § 924(c)(4) (2014) (defining brandishing).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before this court and argument would aid the decisional process.

AFFIRMED